**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE SCHOOL DISTRICT OF PHILADELPHIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF PHILADELPHIA, )<br>THE CITY OF PHILADELPHIA )<br>DEPARTMENT OF PUBLIC HEALTH, )<br>MANAGING DIRECTOR TUMAR )<br>ALEXANDER, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 23-0238-WB |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 23, 2023, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses, and Relevant Issues**

    A. <u>Plaintiff's Claims, Issues and Anticipated Motions</u>

       1. <u>Claims</u>

    On June 1, 2022, the Mayor of the City of Philadelphia signed into law Bill No. 210685-AA, which amended Section A-703 of the Philadelphia Administrative Code, relating to the City's purported regulation of environmental hazards in "Educational occupancy" buildings. Section A-703 purports to require that the City issue annual "Certificates of Special Inspection" for each of the School District's buildings to be permitted to open for the coming school year.

The 2022 Bill amended Section A-703 to apply specifically to the District's work assessing, abating, removing, and monitoring asbestos.  The District is already engaged in extensive work under the federal Asbestos Hazard Emergency Response Act ("AHERA"), which applies to school districts across the country and is overseen by the United States Environmental Protection Agency.  AHERA establishes a thorough regulatory framework for school districts to identify, assess, abate, and monitor asbestos in school buildings.  It requires that each school building be thoroughly inspected every three years and for each building to be surveilled again every six months.  AHERA vests authority in the school districts themselves for determining when asbestos hazards warrant certain response actions, potentially including temporary closure of school buildings to allow for abatement or response actions to occur.  The 2022 Bill, on the other hand, purports to usurp the District's authority for making these determinations and placing it in the hands of the City, through the City's issuance (or withholding) of Certificates of Special Inspection.

The 2022 Bill, however, spells out no discernable principles under which the City is to make these determinations; instead, it requires only that the City identify "best practices" by which to judge the District's asbestos work and potentially to withhold the Certificates until the City's "best practices" are met.  The Bill purports to require an additional three-year inspection of the District's buildings by an inspector retained by the City, presumably inspecting the buildings for compliance with the "best practices."  The City's recruitment of asbestos inspectors from the limited pool of contractors certified to perform asbestos-related work in the City of Philadelphia under the City's "Asbestos Control Regulation" threatens to deplete the District's already-strained available workforce for completing its requirements under AHERA.

The 2022 Bill requires that the City issue these "best practices" by February 1, 2023, leaving the District with only six months to coordinate the City's inspections, react to the "best practices," and perform any work that may or may not be required to meet them by the Bill's first compliance deadline of August 1, 2023. The Bill further provides for the City to create an "Advisory Group" made up of thirteen-to-fifteen representatives of various unions and school groups, only one of which is required to be an "expert on environmental testing and abatement," to help inform the establishment of the "best practices."

The District's Complaint alleges that the 2022 Bill and Section A-703, more broadly, are unconstitutional and invalid in at least the following ways:

- The Bill creates an irreconcilable conflict between the District's handling of asbestos issues under AHERA and the City's "best practices" program;

- The Bill lacks articulable guiding principles for asbestos and other environmental compliance programs that will allow City administrators to implement the program in a fair and uniform way or that will allow the District to understand its obligations for compliance that purport to dictate its ability to open school buildings for in-person learning in the coming school year;

- The Bill denies the District its due process protections under the Pennsylvania and United States Constitutions by failing to give fair notice to the District of the activities or building conditions that may violate the City's "best practices" standard, and by unfairly targeting District schools without a rational basis for excluding other similarly situated entities that also provide youth services in older and historic buildings that may contain asbestos or other environmental hazards, including charter schools, private and parochial schools, recreation centers (including City-owned recreation centers), daycare facilities, colleges and universities, churches, the City's juvenile justice center, and more; and

- The Bill infringes upon the District's independent management principles set forth under the Pennsylvania Public Education Home Rule Act to regulate the administration of public education in its schools.

    2.    <u>Anticipated Motions</u>

The District seeks declaratory and preliminary relief barring the enforcement of The Bill and Section A-703. As of yet, the City has not issued or withheld Certificates of Special

Inspection, has not issued "best practices," has not empaneled the Advisory Group, and has not issued a request for proposals soliciting contractor support to inspect the District's schools for asbestos, outside of the District's existing AHERA program. To the extent that the City takes any of these steps to enforce the Bill during the pendency of this action, the District will move for preliminary relief enjoining enforcement, as the District is unwilling to risk its students' ability to experience in-person learning in the 2023–24 school year.

3. Issues for Discovery

Plaintiff anticipates seeking discovery on the history of the City's enforcement of Section A-703; the background behind targeting District schools with Section A-703 and the Bill; the City's ability to meet the inspection requirements established by the Bill; City officials' and administrators' communications and discussions related to the Bill; and the City's and its agencies' steps taken to create "best practices" and prepare for enforcement of the Bill.

B. Defendants' Defenses, Issues and Anticipated Motions

1. Defenses

The Ordinance is a valid exercise of the City's authority to regulate building and environmental safety within Philadelphia, including in public schools. As an initial matter, the City emphasizes the School District's recognition that the City has not yet enforced the Ordinance as to any public school building at this time. The District is not subject to *any* requirement regarding asbestos until "best practices" are identified by the Managing Director, which has not yet occurred. Even then, the Ordinance provides for a six-month notice period after the adoption of best practices before the City can issue special certificates of inspection which could result in schools not opening in a given school year because of asbestos concerns.

The City asserts that the School District's claims are without merit, insufficiently pleaded, and unripe:

- The School District has not pleaded a concrete and imminent harm sufficient to state a ripe case or controversy, nor can it. There is no allegation that the City has sought to enforce the Ordinance or denied a special certificate to any school building, because it has not.

- There is no conflict between the Ordinance and the federal Asbestos Hazard Emergency Response Act ("AHERA"). AHERA includes an express no-preemption clause providing that nothing in AHERA preempts a state from establishing additional liability or more stringent requirements with respect to asbestos in school buildings. Moreover, there is no allegation that any provision of the Ordinance is an obstacle to the federal scheme.

- The Ordinance is a valid exercise of the City's authority as a Home Rule City of the First Class to legislate with the force of law within the City.

- There is no due process violation because there has been no enforcement of the Ordinance against the School District. The Ordinance clearly states the means by which the Advisory Group will be empaneled and recommend best practices, and that those practices must be promulgated by the Managing Director at least six months before the issuance of special certificates of inspection.

- The Ordinance does not constitute unlawful regulation of public schools because the regulation was enacted for the protection of the health, safety, and general welfare of the community and does not regulate the School District's core mission. Regulation of public schools concerns the quality of public education, not the physical structures required to provide it. Moreover, the School District does not plead allegations sufficient to establish the requisite interference with the School District's core mission.

2. <u>Anticipated Motions</u>

At this time, the City anticipates filing a Motion to Dismiss in advance of March 27, 2023, the deadline to respond to the Complaint because the City waived service pursuant to Federal Rule of Civil Procedure 4(d).

3. <u>Issues for Discovery</u>

The City anticipates discovery related to the School District's process for and efforts related to asbestos reports and inspections, including School District efforts and resources dedicated to

asbestos inspections and remediation; requests for proposals, contracts, and communications with asbestos inspectors, remediators, and consultants; policies and guidance related to asbestos inspection and remediation; and complaints, reports, or concerns regarding asbestos in school buildings. In addition, the City notes that many of the issues for discovery identified by Plaintiff are barred by legislative immunity and legislative privilege, and anticipates discovery motions to that effect.

**2.      Initial and Informal Disclosures**

Although the District disputes that it is relevant to the issues raised in the litigation, the District has begun to produce to Defendants recent asbestos inspection reports and will continue to do so on a rolling basis.  The District has also offered to provide a presentation to Defendants regarding the nature, scope and status of the District's current asbestos program, as well as provide it access to the District's library of historical asbestos information.

The parties will exchange Initial Disclosures pursuant to Rule 26(a)(1) no later than March 15, 2023.

**3.      Formal Discovery**

<u>Document Requests</u>:  The parties do not anticipate identifying more than 20 categories of documents each for plaintiff and for defendants jointly.  Initial document requests will be served no later than March 30, 2023.

<u>Interrogatories</u>:  The parties do not anticipate serving more than 25 interrogatories each for plaintiff and for defendants jointly.  Initial interrogatories will be served no later than thirty days after the pleadings close.

Fact Depositions:  The parties do not anticipate exceeding 10 depositions each for plaintiff and for defendants jointly, nor anticipate that any deposition will exceed seven (7) hours. It is expected that depositions will be taken after initial written discovery is complete.

All fact discovery will be completed by July 31, 2023.

**4.   Electronic Discovery**

The parties will exchange ESI information as set forth in the Court's E-Discovery Order no later than March 30, 2023.  It is anticipated that the parties will be able to agree on how to conduct of ESI discovery.

The District designates Kim Dutch, Deputy General Counsel, Compliance and Ethics, as its ESI Liaison.

The City designates Griffin Vernor Drutchas, Deputy City Solicitor–E-Discovery, as its ESI Liaison.

**5.   Expert Witness Disclosures**

The parties will simultaneously exchange expert reports by September 1, 2023 and will exchange responsive reports by October 2, 2023.

Expert Depositions will be completed by October 31, 2023.

Daubert motions will be filed no later than November 30, 2023.

6. **Early Settlement or Resolution**

The parties are agreeable to immediate mediation. The parties are agreeable to such mediation before any Magistrate Judge of the Eastern District. To the extent a Magistrate Judge of the Eastern District is not readily available for mediation, Defendants believe private mediation with fees to be split amongst the parties is appropriate given the time-sensitive dispute of public concern involved in this litigation. Plaintiff does not agree to private mediation.

7. **Trial Date**

The parties anticipate being ready for trial by January 22, 2024.

8. **Other**

The parties agree to dispositive motion filings no later than November 30, 2023.

Acknowledgement of the Court's position as General Counsel to the District from 2002 – 2005 and discussion of any related issues as may be necessary or appropriate.

[signatures on next page]

Date:  February 24, 2023

*Shoshana Schiller*

_____
Suzanne Ilene Schiller (No. 68206)
Garrett D. Trego (No. 314496)
Danielle Bagwell (No. 309387)
MANKO GOLD KATCHER & FOX LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA 19004
sschiller@mankogold.com
gtrego@mankogold.com
dbagwell@mankogold.com
Phone: (484) 430-5700
Facsimile: (484) 430-5711

*Counsel for Plaintiff, the
School District of Philadelphia*


/s/ Renee Garcia
Renee Garcia
Ryan B. Smith
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
renee.garcia@phila.gov
ryan.smith@phila.gov

Jerry R. DeSiderato
Timothy J. Ford
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
jdesiderato@dilworthlaw.com
tford@dilworthlaw.com
Phone: (215) 575-7000
Facsimile: (215) 575-7200

*Counsel for Defendant, the City of Philadelphia*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I served the foregoing Joint Report of Rule 26(f) Meeting and Proposed Discovery Plan sent automatically by CM/ECF to all counsel of record, who are registered as CM/ECF filing users and who have consented to electronic service through CM/ECF.

Dated: February 24, 2023

                                                          Shoshana (Suzanne Ilene) Schiller