## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE SCHOOL DISTRICT OF PHILADELPHIA,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **THE CITY OF PHILADELPHIA, MANAGING DIRECTOR TUMAR ALEXANDER,** | **NO. 23-0238** |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Proposed Defendant-Intervenors Lift Every Voice Philly, PennEnvironment, Laurie

Mazer, Amara Rockar, and Sonia Rosen ("Proposed Intervenors") are organizations and parents

who have, in their words, "long fought for safe, healthy Philadelphia schools" and seek to

intervene in this action as of right or, in the alternative, by permission of the Court pursuant to

Federal Rules of Civil Procedure 24(a)(2) and 24(b).

The underlying action concerns the validity of a City of Philadelphia ("City") ordinance,

Bill No. 210685-AA, codified at Phila. Code tit. 4, § A-703.2 ("Ordinance"), which requires the

City to certify that School District of Philadelphia ("School District") buildings are in

compliance with best practices for testing, managing, and cleaning asbestos, *id.* § A-703.2(4)(E),

and post the results of any such asbestos testing to a publicly available website within ten days of

receipt, *id.* § A-703.2(4)(E)(.1).  Additionally, the Ordinance provides for the empaneling of an

advisory group to make recommendations concerning the health and safety of School District

properties.  *Id.* § A-703.2(4)(F).  The members of the advisory group, drawn from various

stakeholders including the School District, are to be appointed by the Mayor of Philadelphia.  *Id.*

The School District seeks to invalidate the Ordinance, claiming it is preempted by federal law and violates protections under both the Pennsylvania and United States Constitutions.  The Proposed Intervenors seek to defend the validity of the Ordinance.  The School District opposes intervention, but the City does not.

For the reasons that follow, Proposed Intervenors' motion shall be denied.

## I.    DISCUSSION

Proposed Intervenors seek to intervene both as of right and by permission of the Court. Rule 24 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>> . . .
>> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
>> **(1)** *In General.*  On timely motion, the court may permit anyone to intervene who:
>>> . . .
>>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>> . . .
>> **(3)** *Delay or Prejudice.*  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a), (b).

### A.  Rule 24(a): Intervention as of Right

To intervene as of right pursuant to Rule 24(a)(2), Proposed Intervenors must satisfy four criteria:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical

matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987); *see United States v. Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014).  The School District contests only the fourth element, *i.e.*, whether the interests of the Proposed Intervenors are adequately represented by the City.  Accordingly, the analysis will focus only on the fourth element.  *See, e.g.*, *Seneca Res. Corp. v. Highland Twp.*, 2016 WL 1213605, at *2 (W.D. Pa. Mar. 29, 2016).

The burden to demonstrate lack of adequate representation is, as a general matter, "treated as minimal" and requires that a proposed intervenor show that the representation "*may be* inadequate." *Pennsylvania v. President United States of Am.*, 888 F.3d 52, 60 (3d Cir. 2018) (internal quotations and citations omitted); *see Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

Nonetheless, a presumption of adequacy applies "if one party is a government entity charged by law with representing the interests of the applicant for intervention." *Virgin Islands*, 748 F.3d at 520 (citing *Brody*, 957 F.2d at 1123).  In that circumstance, a proposed intervenor can only overcome the presumption by making a "compelling showing" as to why the existing government party's representation is inadequate.  *Id.* (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)).  This presumption is "particularly strong when the governmental and private interests 'closely parallel' one another or are 'nearly identical.'" *President United States of Am.*, 888 F.3d at 60 (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998); *Virgin Islands*, 748 F.3d at 525).

Here, the parties do not dispute that the City is a government entity charged with representing the interests of the Proposed Intervenors in upholding the Ordinance.

Accordingly, the presumption of adequacy by a governmental entity applies, meaning that the Proposed Intervenors must make a "compelling showing" as to why the City's representation is inadequate in order to justify intervention as of right.[1]

Proposed Intervenors fail to make a sufficient showing of inadequate representation by the City. As a general matter, there are three grounds upon which inadequate representation can rest:

> (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). Here, the Proposed Intervenors rest their argument on the first ground.

While the Proposed Intervenors make a strong case for their interest in "safe, healthy Philadelphia schools" and the upholding of the Ordinance, which seeks to remediate the harmful effects of asbestos in School District properties, in doing so, they demonstrate that they have the same fundamental goal as the City in this litigation: to defend the validity of the Ordinance. *See Virgin Islands*, 748 F.3d at 522-24 (concluding intervention by right was inappropriate where proposed intervenor had the "same

---

[1] Proposed Intervenors argue that the burden on them to demonstrate inadequate representation should be relatively light—*i.e.*, something less than "compelling"—because the City's "views are necessarily colored by its view of the public welfare rather than the more parochial views of [the Proposed Intervenors] whose interest is personal to [them]," citing *Kleissler*, 157 F.3d at 972. They, however, have not demonstrated that the circumstances of *Kleissler* under which the Third Circuit found a "comparatively light" burden appropriate, *see id.*, are sufficiently similar to the facts of this case to warrant the same treatment. Specifically, as clarified in a later opinion, the Third Circuit found intervention proper in *Kleissler* "because of a conflict between the intervenor's direct economic interests and the government's shifting public policy interests." *Pa. Gen. Energy Co., LLC v. Grant Twp.*, 658 F. App'x 37, 41 (3d Cir. 2016) (citing *Virgin Islands*, 748 F.3d at 521; *Kleissler*, 157 F.3d at 974). Here, the Proposed Intervenors have not shown "any economic interest that is in conflict with" the City's objectives in defending the Ordinance. *See id.* Nor have they demonstrated any other direct interest at odds with the City's interest with respect to upholding the Ordinance—the primary issue in this litigation.

objective" as the government and was the "exact constituent" the government was charged to protect with respect to the issue at hand).  In this way, their interests are "closely aligned" to those of the City.  *Pa. Gen. Energy Co., LLC v. Grant Twp.*, 658 F. App'x 37, 41 (3d Cir. 2016).  There is no divergence between their position and the position of the City "on the primary issue involved in the litigation"—namely, the validity of the Ordinance.  *See Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 974 (3d Cir. 1982).  In other words, "[f]or all purposes relevant to the issues presented," the City represents the Proposed Intervenors' interests. *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982).

Further, the Proposed Intervenors do not point to any shortcomings in the City's defense of the Ordinance in this litigation.  To the contrary, they expressly admit that the City has "thus far admirably defended" the Ordinance.

Instead, Proposed Intervenors raise two issues to suggest that their interests and the City's may diverge: (1) the City has been slow to implement the Ordinance, having not yet empaneled the advisory committee, identified best practices for the management of asbestos, or enforced the Ordinance with respect to any public school building; and (2) the Mayor of Philadelphia can unilaterally remove "both parties' decisionmakers," and Philadelphia will soon elect a new Mayor—suggesting that a new Mayor could alter the City's commitment to upholding the Ordinance by replacing key decisionmakers.

The first matter is not directly relevant to the primary issue in this litigation, which concerns the validity of the Ordinance—not the pace of its enforcement.  There may be a host of political considerations informing the City's enforcement of the Ordinance, but those issues do not fall within the aegis of the Court.  The second

argument is "purely speculative," *Pa. Gen. Energy Co., LLC*, 658 F. App'x at 42, and it requires a significant amount of hoop jumping to conclude, even assuming *arguendo* that the Mayor of Philadelphia can unilaterally remove decisionmakers within the respective parties, that this power renders the City's representation of the Proposed Intervenors' interests in this litigation inadequate. While potential policy shifts to a government party's agenda may be "a consideration that, in conjunction with [] other arguments, supports intervention," *see Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 110 (M.D. Pa. 2011), Proposed Intervenors have not, all things considered, demonstrated that a potential shift in the City's agenda—whether as a result of potential appointments by the Mayor of Philadelphia or otherwise—may render its representation inadequate here.

Accordingly, intervention as of right is not appropriate under these circumstances.

## B. Rule 24(b): Permissive Intervention

In the alternative, Proposed Intervenors seek to intervene by permission of the Court pursuant to Rule 24(b). Permissive intervention is available upon timely motion when the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. Fed. R. Civ. P. 24(b)(3). Additionally, it is necessary to consider whether the Proposed Intervenors will "add anything to the litigation." *Land v. Del. River Basin Comm'n*, 2017 WL 63948, at *4 (M.D. Pa. Jan. 5, 2017) (quoting *Am. Farm Bureau Fed'n*, 278 F.R.D. at 111).

While denial of intervention as of right does not "automatically mandate a denial of permissive intervention," *Hoots*, 672 F.2d at 1136, "[n]evertheless, where . . . the interests of the applicant in every manner match those of an existing party and the party's representation is

deemed adequate, [a] district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'"  *Id.*; *see also Acra Turf Club, LLC v. Zanzuccki*, 561 F. App'x 219, 222 (3d Cir. 2014) (affirming district court's denial of permissive intervention where it had determined that proposed intervenors' interests were "already adequately represented" by government entity); *Seneca Res. Corp. v. Highland Twp.*, 2016 WL 1213605, at *3 (W.D. Pa. Mar. 29, 2016) (finding permissive intervention inappropriate where the existing representation by government entity was adequate "[b]ecause the discretionary decision for permissive intervention relies heavily on the adequacy of representation of the proposed intervenors' interests").

Here, the Proposed Intervenors' contributions to the proceedings as litigants would be superfluous given that the City adequately represents their interests with regards to the issue at the heart of this case—whether the Ordinance is valid.  Further, it is hard to imagine that allowing five new parties to intervene would not delay resolution of this matter and result in unnecessary litigation costs and effort given the City's already adequate representation.  *See, e.g.*, *Kitzmiller v. Dover Area Sch. Dist.*, 2005 WL 578974, at *8 (M.D. Pa. Mar. 10, 2005) ("We find it impossible to believe that the participation of six additional defendants will not increase, potentially in a substantial fashion, discovery requests, depositions, discovery costs, pretrial work, the length of trial, and the extent of post-trial motions.").  Accordingly, permissive intervention shall also be denied.

An appropriate order will follow.

**BY THE COURT:**


**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**